# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CR-167 |
| | ) | |
| JOSHUA TURNER, and | ) | (PHILLIPS/GUYTON) |
| BRITTANY C. WALLACE, | ) | |
| | ) | **SEALED** |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Joshua Turner's Motion to Continue [Doc. 18], filed on January 19, 2011. The parties appeared before the undersigned on January 19, 2011, for a scheduled pretrial conference and motion hearing. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Government. Attorney Paula R. Voss represented Defendant Joshua Turner. Attorney Karmen L. Waters represented Defendant Brittany Wallace. Both Defendants were also present.

In the motion, the Defendant asks the Court to continue the February 2, 2011 trial date to permit him additional time to prepare the case for trial. He states that the parties have been working toward a plea agreement but are not yet ready to either enter into a plea or to proceed to trial. At the hearing, counsel for Defendant Wallace stated that she did not object to the requested continuance. The Government also did not object, and AUSA Davidson that one Codefendant named in the

1

Indictment remained a fugitive. She argued that the delay in bringing this missing Defendant into the case was excludable under the Speedy Trial Act. The parties agreed to a new trial date of June 7, 2011.

Based upon the agreement of the parties, the Court finds Defendant Turner's Motion to Continue [Doc. 18] to be well taken. The ends of justice served by granting the motion outweigh the best interest of the public and the Defendants in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Defendants are charged in a four count Indictment [Doc. 3] with conspiracy to possess crack cocaine with the intent to distribute (Count One), possession of firearms in furtherance of the drug trafficking crime alleged in Count One (Count Two), the Hobbs Act robbery of drugs and money (Count Three), and discharge of a firearm in relation to the Hobbs Act robbery alleged in Count Three (Count Four), all of which are alleged to have occurred on November 29, 2010. Counsel for Defendant Turner needs additional time to consult with and advise the Defendant regarding a plea agreement. Counsel also needs time to prepare for trial should plea negotiations fail. Thus, the denial of Defendant Turner's motion for a continuance would deprive the parties of sufficient time for effective preparation for trial, taking into account counsels' exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Additionally, the Government contends that a continuance is warranted due to the fact that it has yet to apprehend a Codefendant named in the Indictment. In this respect, AUSA Davidson stated that Defendant Jermetrius Turner is a fugitive. The Speedy Trial Act provides that "[a]ny period of delay resulting from the absence or unavailability of the defendant . . ." "shall be excluded in computing the time . . . within which the trial . . . must commence." 18 U.S.C. § 3161(h)(3)(A). For the purposes of this provision, a defendant is deemed "absent when his whereabouts are

unknown and, in addition, he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence." 18 U.S.C. § 3161(h)(3)(B). A defendant is considered "unavailable whenever his whereabouts are known but his presence for trial cannot be obtained by due diligence or he resists appearing at or being returned for trial." 18 U.S.C. § 3161(h)(3)(B). In the present case, the Court has no information about whether Defendant Jermetrius Turner's whereabouts are known or unknown to the Government or about the efforts being taken to bring Jermetrius Turner before the Court.

Moreover, while section 3161(3)(A) may exclude the time during which Jermetrius Turner is a fugitive from the speedy trial clock, this time is only attributable to Defendants Johsua Turner and Wallace if it is also reasonable. See 18 U.S.C. § 3161(h)(6) (excluding a "*reasonable* period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted). In the present case, the Court finds that the Indictment, which was filed on December 7, 2010, has been pending for six weeks without Jermetrius Turner's apprehension. Assuming that the Government has been working diligently to bring this defendant into the case, this six-week time period appears to be reasonable at this juncture. Nevertheless, the Court concludes that it does not have enough information to determine that section 3161(3)(A) provides an additional basis for the exclusion of time under the Speedy Trial Act.

Defendant Turner's Motion to Continue [**Doc. 18**] is **GRANTED**, and the trial of this matter is reset to **June 7, 2011**, at 9:00 a.m. The Court further finds that all the time between the filing of the motion to continue on **January 19, 2011**, and the new trial date of **June 7, 2011**, is fully excludable under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A)-(B). With regard to other scheduling in the case, the parties are to appear before the undersigned for a pretrial conference on

**May 11, 2011, at 9:00 a.m.** This date shall also be the deadline for concluding plea negotiations. The Court instructs the parties that all motions *in limine* are due on or before **May 23, 2011**. Special requests for jury instructions shall be submitted to the District Court no later than **May 27, 2011**, and shall be supported by citations of authority pursuant to Local Rule 7.4. E.D.TN. LR 7.4.

Accordingly, it is **ORDERED:**

(1) Defendant Turner's Motion to Continue [**Doc. 18**] is **GRANTED**;

(2) The trial is reset to commence at **9:00 a.m., on June 7, 2011,** before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the filing of the Motion to Continue on **January 19, 2011**, and the **June 7, 2011** trial date is fully excludable time under the Speedy Trial Act as set forth above;

(4) A pretrial conference is set before the undersigned for **May 11, 2011, at 9:00 a.m.** This date shall also be the deadline for concluding plea negotiations;

(5) Motions *in limine* must be filed on or before **May 23, 2011**; and

(6) Special requests for jury instructions must be submitted to the District Court by **May 27, 2011**.

**IT IS SO ORDERED.**

ENTER:

      s/ H. Bruce Guyton      
United States Magistrate Judge