UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| JOSHUA TURNER, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos.: | 3:10-CR-167-TAV-HBG-1 |
| | ) | | 3:16-CV-407-TAV |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

### MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 185]. He bases his request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague [*Id.*]. The United States responded in opposition [Doc. 186]. Petitioner did not file a reply and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. Also before the Court is Petitioner's pro se motion to supplement the record with additional case law in support of his challenge [Doc. 187]. For the following reasons, the motion for leave to supplement [Doc. 187] will be **GRANTED** and amended petition [Docs. 185, 187] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I.      BACKGROUND**

On May 2, 2012, Petitioner pled guilty to committing Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) [Docs. 67, 118]. The Court imposed an aggregate term of 166 months' imprisonment—46 months' incarceration for the Hobbs Act robbery and 120 months'

incarceration for the § 924(c) offense [Doc. 118]. Petitioner appealed, but the Sixth Circuit affirmed his conviction and sentence on direct appeal [Doc. 149].

On June 27, 2016, Petitioner filed the instant petition for collateral relief seeking vacatur of his § 924(c) conviction in light of *Johnson* [Doc. 185].[1] He supplemented the original petition with additional authority on August 19, 2016 [Doc. 187]. The United States responded in opposition to any form of collateral relief on July 27, 2016 [Doc. 186].

## II. MOTION FOR LEAVE TO SUPPLEMENT PETITION

In addition to the original petition, this Court is in possession of a motion for leave to supplement the § 2255 motion with additional authority in favor of relief [Doc. 187]. Review of that filing reveals that all of the arguments and authority raised therein relate back to the timely submitted petition for collateral relief. *See* Fed. R. Civ. P. 15(c)(2) (explaining that an amendment "relates back" if it "ar[i]se[s] out of the [same] conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading"). The motion [Doc. 187] will be **GRANTED**; the contents of the same will be considered by this Court during resolution of Petitioner's collateral challenge [Docs. 185, 187].

## III. ANALYSIS

Petitioner appears to argue that the *Johnson* decision invalidated the similarly-worded residual clause in § 924(c)(3)(B), thereby removing Hobbs Act robbery from the list of "crimes of violence" sufficient to support a conviction under § 924(c)(1)(A) [Docs. 185, 187 (arguing that he is entitled to vacatur of his § 924(c) conviction)]. His argument fails for two reasons.

---

[1] Petitioner simultaneously filed an application for authorization to file a successive § 2255 motion with the Sixth Circuit [6th Cir. Case No. 16-6024]. The Court need not wait on such authorization, however, because Petitioner has yet to litigate a collateral challenge regarding the instant criminal conviction [E.D. Tenn. Case No. 3:10-CR-167-TAV-HBG-1].

2

First, binding Sixth Circuit precedent holds that while *Johnson* invalidated the residual provision of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. 924(e), and identically worded clause in Section 4B1.2 of the United States Sentencing Guidelines, § 924(c)(3)(B)'s definition of crime of violence remains unaffected.[2] *See United States v. Pawlak*, 822 F.3d 902, 911 (6th Cir. 2016) (concluding "rationale of *Johnson* applies equally" to the Guidelines' definition of crime of violence); *United States v. Taylor*, 814 F.3d 340, 376–79 (6th Cir. 2016) (recognizing at least four "significant differences" between the residual clause in § 924(c)(3)(B) and the ACCA's residual clause and noting "the argument that *Johnson* effectively invalidated

---

[2] The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

Section 924(c)(1)(A) makes it a crime for an individual, "in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, [to] use[,] carr[y] [or possess] a firearm . . . in furtherance of . . . such crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) goes on to define "crime of violence" as any "felony" that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (use-of-physical-force clause); or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" ("residual clause").

3

[the former] is . . . without merit"). As such, his Hobbs Act robbery remains a crime of violence capable of supporting a conviction under § 924(c)(1)(A).

Second, even if *Johnson*'s reasoning could be used to invalidate § 924(c)(3)(B)'s residual clause, Petitioner's conviction for Hobbs Act robbery would remain a crime of violence under the provision because it qualifies under the use-of-physical-force clause contained in § 924(c)(3)(A). An offense qualifies as a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Petitioner's conviction for Hobbs Act robbery, which by definition involves the taking of property "by means of actual or threatened force, or violence, or fear of injury," 18 U.S.C. § 1951(b)(1), categorically falls within the scope of that provision. *See, e.g.*, *In re Fleur*, No. 16-12299, 2016 WL 3190539, at *3 (11th Cir. June 8, 2016) (finding, post-*Johnson*, that Hobbs Act robbery categorically qualifies as a crime of violence under the use-of-physical-force clause in 18 U.S.C. § 924(c)(3)(A)); *United States v. Howard*, No. 15-10042, 2016 WL 2961978, at *1 (9th Cir. May 23, 2016) (same); *accord United States v. House*, No. 14-3011, 2016 WL 3144735, at *3 (8th Cir. June 2016) (finding that Hobbs Act robbery categorically qualifies as a "serious violent felony" under 18 U.S.C. § 3559(c)(2)(F)(ii)'s use-of-physical-force clause); *United States v. McBride*, No. 15-3759, 2016 WL 3209496, at *2 (6th Cir. June 10, 2016) (finding that federal bank robbery, in violation of 18 U.S.C. § 2113(a), which can be committed "by force and violence, or by intimidation," falls within the Section 4B1.2(a)'s use-of-physical-force clause); *United States v. Mitchell*, 743 F.3d 1054, 1058–60 (6th Cir. 2014) (finding that Tennessee robbery, which can be committed "by violence or putting the person in fear," categorically qualifies as a violent felony under the ACCA's use-of-physical-force clause). In light of the foregoing, *Johnson* is inapposite and thus cannot operate as a basis for relief.

## IV. CONCLUSION

For the reasons discussed, Petitioner's request for leave to supplement [Doc. 187] will be **GRANTED** and amended § 2255 motion [Docs. 185, 187] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE